UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER,<br><br>      Plaintiff,<br>v.<br><br>PHILIP CARLETON, MANAGEMENT SERV., and ROBERT ZAPATA,<br><br>      Defendants. | Civil No. 09-696 (JRT/JJK)<br><br>**ORDER** |

Tyrone Dwayne Miller, 4911 University Avenue Northeast, Apartment # 9, Minneapolis, MN 55421, plaintiff *pro se*.

This case is before the Court on *pro se* plaintiff Tyrone Miller's application for leave to proceed *in forma pauperis*, ("IFP"). (Docket No. 2.) For the reasons discussed below, Miller's IFP application will be denied, and this action will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Miller commenced this action by filing a six-page handwritten complaint. (Docket No. 1.) The complaint indicates that Miller is attempting to sue the owner and manager of the apartment building where he resides. The named Defendants are Robert Zapata, the alleged owner of the building, and Philip Carleton, the alleged manager.

Most of Miller's complaint is unintelligible, and it is therefore nearly impossible to ascertain why he has filed this action. As far as the Court can tell, Miller is alleging that some other residents of his apartment building have been spying on him through cameras

hidden inside his apartment unit, ("possibly connected through the wall plugs"), and they have been entering his apartment and downloading and deleting "legal documents" from his computer. Miller alleges that he has called "property management on numerous occassions [sic] asking to have his locks changed and they would not change his locks due to the culpable mindsetts [sic] and corrupt neighborhood of the immediate area, neighbor has been convicted and jailed." (Complaint, [Docket No. 1], p. 3, ¶ 6.)

The caption of Miller's complaint indicates that he is attempting to sue Defendants under various federal and state fair housing laws. However, the complaint does not include any explanation of how the named Defendants have allegedly violated those laws.

Miller is asking the Court to order "an investigation be down [sic] on past and current residence [sic] of the building related to conspiracy and unlawful entry." He is also seeking a judgment against Defendants that would (a) make him the owner of his entire apartment building, (b) make him the caretaker of the building, with free rent, free internet, and free cable television, (c) provide "extra security" for his apartment building, (d) award him $5,000,000.00 for his "pain and suffering," and (e) provide new carpet for his unit.

## DISCUSSION

**I.   STANDARD OF REVIEW**

An IFP application will be denied, and "the court shall dismiss [a] case at any time if the court determines that... the action or appeal... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). To properly state a claim, a plaintiff must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v . Twombly*, 550 U.S. 544, 555 (2007). That is, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 570.

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). A *pro se* complaint, however, must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

## II.     ASSESSMENT OF MILLER'S COMPLAINT

In this case, it is readily apparent that Miller has not pleaded any cause of action on which relief can be granted. As noted above, Miller's complaint alludes to various federal and state laws, including "Dr. Martin Luther King Jr., Fair Housing Act Title VIII of the 1968/1988 42 USC § 3601 et. seq.... Human Rights Act/ Constitution of the United States, 4-8 + 14... FHA or MHRA/Civil Rights... 42 USC § 3617, Minn.Stat. § 363.03 subd. 2... Bias Offense Statute MSA § 611A.79 and 42 USCA Sec. 1983; 42 USCA 1985(3) and 18 USC Sec. 241." However, the complaint does not set forth any credible factual allegations showing that Defendants violated any of those laws. The complaint does not describe any specific acts or omissions by either of the named Defendants, which, if proven true, would constitute a violation of any of the laws Miller has cited, or would otherwise entitle him to any legal redress against the named Defendants.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts, which if true, state a claim as a matter of law.*" *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). *See also Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) ("'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal'") (quoting *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir.2002); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Even under the liberal construction afforded to *pro se* pleadings, Miller's current complaint clearly fails to state any cause of action on which relief can be granted. Therefore, this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It follows that Miller's pending IFP application, as well as his pending motion for a temporary restraining order, (Docket No. 3), must be denied.[1]

---

[1] The Court also has reviewed all of Miller's other submissions in this case, (*see* Docket Nos. 4-11), and finds that they only reinforce the inescapable conclusion that he is unable to present an actionable claim for relief against the named Defendants.

## ORDER

Based on the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Tyrone Dwayne Miller's Application to Proceed Without Prepayment of Fees [Docket No. 2] is **DENIED**.

2. Miller's Motion for a Restraining Order [Docket No. 3] is **DENIED**.

3. Miller's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 15, 2009              s/ John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
            United States District Judge